NOT FOR PUBLICATION                                          [Docket No. 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

LOCAL 827 INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO, et al.

        Plaintiffs,

   v.

VERIZON NEW JERSEY, INC., et
al.,

        Defendants.

Civil No. 02-1019(RMB)

**OPINION**

---

APPEARANCES:

Mark E. Belland, Esq.
Steven J. Bushinsky, Esq.
O'BRIEN, BELLAND AND BUSHINSKY, LLC
The Executive Plaza
2111 New Road, Suite 101
Northfield NJ 08225yu
    Attorneys for Plaintiffs

Mary B. Rogers, Esq.
PITNEY, HARDIN, KIPP & SZUCH
P.O. Box 1945
Morristown, NJ 07962-1945
    Attorney for Defendants

**BUMB**, United States District Judge:

    This matter comes before the Court upon motion by Plaintiffs, Local 827 International Brotherhood of Electrical Workers, AFL-CIO, et al., ("Plaintiffs"), for reimbursement of reasonable attorney's fees, litigation expenses and costs from Defendants, Verizon New Jersey, Inc. et al., ("Defendants"). For

the reasons set forth below, Plaintiffs' motion for attorney's fees and costs is denied without prejudice.

I. BACKGROUND[1]

Local 827 International Brotherhood of Electrical Workers, AFL-CIO ("Local 827") and Verizon New Jersey, Inc. ("Verizon") are parties to a Collective Bargaining Agreement ("CBA"). Plaintiffs, Local 827 and certain individually named employees of Verizon ("employees"), filed a complaint in the underlying action disputing Verizon's interpretation of the CBA and the method by which certain retirement benefits (called ISP and EISP benefits) were offered to Verizon employees. <u>Local 827 International Brotherhood of Electrical Workers, AFL-CIO, et al., v. Verizon New Jersey, Inc. et al.</u>, No. 02-1019, slip op. at 2 (D.N.J. Nov. 23, 2004).

According to Local 827, Verizon's interpretation of the CBA constituted a breach of the unambiguous language of that agreement. Plaintiffs argued that the improper interpretation of the CBA negatively impacted certain employees' rights to receive

---

[1] The facts of this case are set forth at length in the Honorable Robert B. Kugler's Opinion, dated November 23, 2004. See <u>Local 827 International Brotherhood of Electrical Workers, AFL-CIO, et al., v. Verizon New Jersey, Inc. et al.</u>, No. 02-1019, slip op.(D.N.J. Nov. 23, 2004). Accordingly, only the facts and procedural history directly relevant to the instant application are highlighted here.

2

an offer of ISP/EISP benefits. Plaintiffs sought relief in this Court for breach of the CBA pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

The individually named employees brought claims against the Verizon Income Security Plan for Mid-Atlantic Associates ("Plan") pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). These employees alleged that "the Plan was arbitrary and capricious in denying benefits [] in contravention of the plain language of the [P]lan." Id. at 23.

Verizon moved for summary judgment on the CBA breach claim and the Plan moved for summary judgment on the ERISA claim. Plaintiffs moved for summary judgment on all issues seeking three different types of relief: "(1) an injunction against all Defendants preventing further actions inconsistent with the relevant portions of the CBA; (2) an Order that the Defendants extend offers of benefits to employees who should have received benefits under the CBA; and (3) an Order that the Defendants make whole any employee wrongfully denied the opportunity to receive benefits." Id. at 2.

On November 23, 2004, the Honorable Robert B. Kugler issued an Opinion and Order denying Defendants' motions for summary judgment in toto and granting Plaintiffs' motion for summary judgment "only on the issue of the proper interpretation of the

CBA." Id. at 25. The Court granted Plaintiffs' request for an injunction "to a limited extent" and denied the Plaintiffs' motions for summary judgment "in all other respects on the issue of the breach of the CBA." Id. at 2, 25. In so ruling, the Court concluded that Verizon's interpretation of the CBA was incorrect and that "[t]he CBA unambiguously supports the interpretation urged by Plaintiffs." Id. at 15. In light of this conclusion, the Court fashioned the following remedy:

> Inasmuch as the Court finds the relevant portions of the CBA restricts Verizon from making targeted ISP [benefit] offers in a way that circumvents the seniority based employee election procedure in Article VII section 1(a) [of the CBA], the Court will grant Plaintiffs' motion for summary judgment only on the issue of proper interpretation of the CBA. The effect of this ruling is that Defendants will be enjoined from proceeding under the CBA in a manner that is inconsistent with this opinion. Id. at 25.

Despite the misinterpretation of the CBA by Verizon, the Court held that it was "without specific evidence regarding how the individual Plaintiffs were affected by Verizon's conduct under the CBA" and thus could not declare that particular Plaintiff's rights had been violated. Id. at 25. The Court found the ERISA issue was "not fit for resolution", denied all motions for summary judgment on the issue, and remanded the benefits decision to the Plan "with instructions to consider applications by any employees deemed, after trial, to have been wrongfully denied the opportunity to receive ISP/EISP benefits by

Verizon." Id. at 23, 25.

On December 9, 2004, Plaintiffs filed the instant motion for attorney's fees and costs. On December 22, 2004, before responding to that motion, Defendants entered a notice of appeal and made a motion to stay proceedings in this Court pending the Third Circuit's resolution of the matter. Plaintiffs filed their opposition papers regarding the stay on January 7, 2005.

In an Opinion and Order dated February 8, 2005,[2] this Court stayed the proceedings related to "a remedy for breach of the [CBA]" pending the appeal, but did not stay the injunction entered in its November 23, 2004 Order.

On March 17, 2005, Defendants filed their brief in opposition to Plaintiffs' motion for attorney's fees and Plaintiffs replied on March 30, 2005. The appeal of the underlying decision is still pending before the Third Circuit.

II. DISCUSSION

This Court has considered the Plaintiffs' instant application and the Defendants' opposition thereto and holds that the motion for attorney's fees must be denied as premature; Plaintiffs have not yet prevailed on their ERISA claims and the matter is pending on appeal to the Third Circuit. Moreover, even

---

[2] See Local 827 International Brotherhood of Electrical Workers, AFL-CIO, et al., v. Verizon New Jersey, Inc. et al., No. 02-1019, slip op.(D.N.J. Feb. 8, 2005).

if the Court did consider Plaintiffs the prevailing party for purposes of this application, it would still not award attorney's fees based on the five factor evaluation outlined in Ursic v. Bethlehem Mines, 719 F. 2d 670, 673 (3d Cir. 1983).

    A.    Prevailing Party Under ERISA

Plaintiffs' application is premature because the individual Plaintiffs have neither established injury as a result of Defendants' interpretation of the CBA nor prevailed on their ERISA claims. Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), states that "[i]n any action under this subchapter [] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee." While the statutory provision itself does not dictate that a party must prevail in order to be awarded attorney's fees, courts have interpreted the statute as requiring a party to prevail before fees will be awarded. See McPherson v. Employees' Pension Plan of American Re-Insurance Co., Inc., 33 F.3d 253 (3d Cir. 1994) ("[a]ttorneys' fees may be awarded to prevailing parties in actions brought under [ERISA]"); O'Malley v. Sun Life Assur. Co. of Am., No. 04-5540, 2006 U.S. Dist. LEXIS 2770 *31 (D.N.J. Jan. 23, 2006)("[b]ecause Plaintiff did not prevail on her summary judgment motion, the Court will not consider her request for an award of attorneys' fees.") See also Martorana v. Bd. of Trustees of Steamfitters Local Union 420 Health, Welfare and Pension Fund,

404 F.3d 797 (3d Cir. 2005) (noting that "ERISA allows for the award of attorney's fees to the prevailing party at the discretion of the court").

The standard used in this Circuit for determining whether a party is the "prevailing party" is a well established two part inquiry that requires the court to determine "whether: (1) the plaintiff obtained relief on a significant claim in the litigation; and (2) there is a causal connection between the litigation and the relief obtained from the defendant." P.G. v. Brick Twp. Bd. of Educ., 124 F. Supp. 2d 251, 259 (D.N.J. 2000).

To determine the first prong, the court can "compare[] the relief sought from the lawsuit and the relief eventually obtained." Id. As stated above, Plaintiffs sought three types of relief in their suit: "(1) an injunction against all Defendants preventing further actions inconsistent with the relevant portions of the CBA; (2) an Order that the Defendants extend offers of benefits to employees who should have received benefits under the CBA; and (3) an Order that the Defendants make whole any employee wrongfully denied the opportunity to receive benefits." Local 827, No. 02-1019, slip op. at 2. It is clear from the Court's Opinion that Plaintiffs' second and third requests were denied and that they obtained no relief pursuant to their ERISA claims; the Court made this plain when it denied Plaintiffs' motion for summary judgment on the ERISA claims and

outright stated that the ERISA issues were not fit for resolution at the time. Id. at 23. While the Court granted injunctive relief - that relief was limited to the interpretation of the CBA: "the Court will grant Plaintiffs' motion for summary judgment only in the issue of proper interpretation of the CBA." Local 827, No. 02-1019, slip op. at 25. Additionally, Judge Kugler found that there was no "specific evidence regarding how the individual Plaintiffs were affected by Verizon's conduct under the CBA[.]" Id.

While Plaintiffs' request for an injunction was granted, the benefit claims of the individual Plaintiffs, who are the only Plaintiffs who have standing to seek attorney's fees pursuant to ERISA, have not been adjudicated. See 29 U.S.C. § 1132(g)(1); New Jersey State AFL-CIO v. State of New Jersey, 747 F.2d 891, 892 (3d Cir. 1984) (holding that labor unions are neither participants nor beneficiaries). Plaintiffs' claims regarding the interpretation of the CBA were brought pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[3] Because Plaintiffs did not obtain relief pursuant to ERISA, the statute they base their petition for attorney's fees upon, they fail to meet the first prong of the test to establish

---

[3] Attorney's fees are generally only available in actions brought pursuant to Section 301 of the LMRA where a party has acted in bad faith or without justification. Perichak v. Int'l Union of Electrical Radio and Machine Workers, Local 601, AFL-CIO, 715 F.2d 78, 79 n.2 (3d Cir. 1986).

they are the prevailing party entitled to fees. See Flanagan v. Inland Empire Electrical Workers Pension Plan and Trust, 3 F.3d 1246 (9th Cir. 1993) (declining to award attorney's fees where plaintiffs had not yet established an ERISA violation); Central States, Southeast and Southwest Areas Pension Fund v. Central Cartage Co., 992 F. Supp. 980 (N.D. Ill. 1998) ("an award of attorney's fees is only proper under ERISA once the plaintiff has established an ERISA violation").

Plaintiffs argue that there is no distinction between the LMRA Section 301 claims and the ERISA claims because the claims are "inexorably intertwined." To support this argument, Plaintiffs state that there is no Plan document separate from the CBA: "Plaintiff's legal arguments would have been nearly identical if a Plan document existed setting forth the ISP/EISP provisions, and the Court's Opinion and Order would have reflected a breach, or misinterpretation, of an ERISA based plan and not the parties' CBA, if such a Plan document existed." (Pls.'Reply Mot. for Fees [Docket No. 46] at 2). The Court finds this argument unavailing. The Court made it clear that the relief granted was "only on the issue of the proper interpretation of the CBA." Local 827, No. 02-1019, slip op. at 25.[4]

---

[4] Moreover, this Court is reluctant to adopt Plaintiffs' argument on this point in light of its inherent contradictions. This Court has not failed to notice that the same attorneys

9

Because Plaintiffs have neither established an injury nor obtained relief pursuant to ERISA, the Plaintiffs cannot be considered the "prevailing parties" for purposes of this motion and are not yet entitled to an award of attorney's fees.

B.   Pending Appeal to the Third Circuit

In addition to the reasons discussed above, this Court believes it would be prudent to deny Plaintiffs' motion for attorney's fees at this time in light of the pending appeal of the underlying summary judgment decision. While there is no mandate that a court wait to award attorney's fees if an appeal is pending, the situation at hand dictates that it is best to wait. Other courts have reached a similar conclusion. See e.g., Perles v. Kagy, No. 01-0105, 2005 U.S. Dist. LEXIS 18894 (D.D.C. Aug. 29, 2005) (holding that in light of pending appeals, motion for attorney's fees was premature); Garden State Auto Park Pontiac GMC Truck Inc., v. Electronic Data Sys. Corp., 31 F. Supp. 2d 378 (D.N.J. 1998) (discussing the court's previous denial of Plaintiff's motion for attorney's fees without prejudice because of pending appeal before the Third Circuit).

---

currently petitioning this Court for fees, who stated very clearly that "there is no separate [P]lan document," represented in their brief in support of Plaintiffs' motion for summary judgment that the benefits at issue were "set forth in both a formal Plan document and Summary Plan Description" and annexed those very documents as exhibits "U and V" thereto. (Pls.' Mot. Summ. J. [Docket No. 25] at 32). This direct contradiction undermines the validity of Plaintiffs' arguments and this Court will not adopt Plaintiffs' position.

If this Court were to grant Plaintiffs' instant application, the parties would be forced to revisit the issue if the Third Circuit reverses the injunction. If the Third Circuit affirms this Court's decision and the remaining ERISA issues are vetted in front of a fact finder, that too could impact the fee award. In addition to the fact that Plaintiffs have not yet prevailed on their ERISA claims, the Court will deny Plaintiffs' motion as premature based on the practical consideration of the pending appeal.

C.   The *Ursic* Factors

Even if Plaintiffs' instant application was not premature, this Court would be reluctant to award attorney's fees as Plaintiffs have not sufficiently satisfied the factors outlined in Ursic v. Bethlehem Mines, 719 F. 2d 670, 673 (3d Cir. 1983). The Court will briefly touch on the most salient factors as it is clear that Plaintiffs have not prevailed on their ERISA claims and an award of attorney's fees is premature.

Even if a party prevails in an ERISA case, there is no presumption that the party is entitled to an award, it is still at the discretion of the district court. Smith v. Contini, No. 97-2692, 2003 WL 22734320 * 2 (D.N.J. Aug. 19, 2003) (citing McPherson v. Employees' Pension Plan of American Re-Insurance Co., 33 F.3d 253, 256 (3d Cir. 1994)). Courts in the Third Circuit utilize the five factor test delineated in Ursic in order

11

to determine whether the prevailing party is entitled to attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). No single factor is decisive. <u>Hoagland v. Americhealth Administrators</u>, No. 05-0099, 2006 U.S. Dist. LEXIS 11951 *6 (M.D. Pa. Mar. 2, 2006). The <u>Ursic</u> factors include:

1. the offending parties' culpability or bad faith;
2. the ability of the offending parties to satisfy an award of attorneys' fees;
3. the deterrent effect of an award of attorneys' fees against the offending parties;
4. the benefit conferred on members of the pension plan as a whole; and
5. the relative merits of the parties' position. <u>Ursic</u>, 719 F.2d at 673.

In the matter at hand, Plaintiffs fail to meet at least four of the five factors.

Defendants have not acted in bad faith. While "a defendant need not have acted with an ulterior or sinister purpose for a prevailing plaintiff to be entitled to a fee award," bad faith normally "implies that the act or conduct spoken of is reprehensible or wrong." <u>Smith</u>, 2003 WL 22734320 at * 2-3. Even though bad faith has been found in cases where Defendants breached their fiduciary duty under ERISA (<u>see</u> <u>McPherson</u>, 33 F.3d at 257 (finding bad faith where Committee breached its fiduciary duty to remain informed of financial condition of ERISA plan)), in the matter at hand, Defendants misinterpreted the CBA but there has been no finding that Plaintiffs have been injured or that Defendants have violated ERISA. Moreover, "a party is not

12

culpable merely because it has taken a position that did not prevail in litigation." Smith, 2003 WL 22734320 at * 2.  At this point, there has not been a sufficient showing of bad faith.

While the Defendants may be financially able to satisfy an award of attorney's fees in favor of Plaintiffs, such an award would have no deterrent effect on Defendants.  This Court enjoined Verizon from "proceeding under the CBA in a manner that is inconsistent with this opinion," Defendants need no additional incentive to comply with the Court's directive.

It is difficult to analyze the benefit an award of attorney's fees would confer on members of the Plan as a whole because there has been no evaluation by a fact finder as to whether individual Plaintiff's rights have been violated.  The fourth factor highlights the prematurity of Plaintiffs' application for fees.  Because Plaintiffs have not yet prevailed, it is impossible to tell if there will be other similarly situated Plan members who will benefit from their victory.  See Smith, 2003 WL 22734320 at * 4 (discussing this prong of the test as asking the court to look "at whether there were any other plan members who received a benefit, and if so how many").

Finally, while the Court agreed with Plaintiffs' interpretation of the CBA, "the fact that the defendants' positions have not been sustained does not alone put the fifth factor in the column favoring an award." McPherson, 33 F.3d at

13

258. Because there has been no finding that individual Plaintiff's rights have been violated, the fifth Ursic factor, like the first, third and fourth mitigate against an award of attorney's fees at this juncture.

## III. CONCLUSION

For the aforementioned reasons, Plaintiffs' motion for reimbursement of reasonable attorney's fees, litigation expenses and costs is premature and therefore denied without prejudice. Plaintiffs are free to re-file upon the entry of final judgment in this matter.

Dated: August 3, 2006

RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE